12 CV 1687

JUDGE DAILEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Joseph Scialabba,

Plaintiff,

- against -

Xerox Corporation and Kenneth Castellane,

Defendants.



12 C[...]

U.S.D.C. S.D. N.Y.
CASHIERS

Complaint and Jury Demand

Plaintiff, by his attorney, Michael G. O'Neill, complains against defendants as follows:

1.    This is an action alleging discrimination in employment on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. (the "ADEA") and the New York City Human Rights Law (the "NYCHRL").

2.    Jurisdiction is by virtue of 28 U.S.C. §1331, 28 U.S.C. §1343 and 28 U.S.C. §1367.

3.    Venue is proper because one or more defendants reside in the Southern District of New York.

4.    Plaintiff is an individual.

5.    Plaintiff was born in 1955.

6.    Defendant Xerox Corporation ("Xerox") is an incorporated business entity formed under the laws of the State of New York.

7.    Defendant Kenneth Castellane ("Castellane") is an individual  and during

1

all relevant times was employed by Xerox.

8.     Xerox is in the business of, among other things, selling and servicing copy machines.

9.     Plaintiff was hired by Xerox on March 7, 1977.

10.    For most of plaintiff's employment with Xerox, including for at least the last 25 years of his employment, he was a Field Manager of Technical Services. In this capacity, plaintiff managed a field office engaged in the servicing of copy machines sold or leased by Xerox to its customers.

11.    During his tenure as Field Manager, plaintiff was consistently ranked at or near the top of Xerox's Field Managers in his region, as measured by data relating to performance, cost and efficiency used by Xerox for this purpose. Plaintiff was viewed as a resource for other managers and received numerous awards and recognitions for his superior performance as a Field Manager. Plaintiff received superior performance reviews and he was held in high regard by Xerox's customers and the employees under his supervision.

12.    As Field Manager, plaintiff reported to a Regional Manager.

13.    In about 2005, Castellane was installed as plaintiff's Regional Manager.

14.    Thereafter, Castellane began to subject plaintiff to inferior and disparate treatment. Castellane failed to give plaintiff performance reviews or recognition for a number of performance related achievements, some of which would have affected plaintiff's compensation.

2

15.     Castellane prevented plaintiff from participating in the "panelling" process, which is the procedure by which managers are considered for promotion.

16.     Castellane made frequent references and discriminatory remarks to plaintiff about his age. Castellane would remark about plaintiff's supposed proximity to retirement age and say things such as "it's time to move aside and make room for younger people" or words to the same effect.

17.     As a result of Castellane's disparate and discriminatory treatment, plaintiff complained first to Castellane and then to defendant's Human Resources Department. Upon information and belief, no meaningful investigation was conducted and no corrective action was taken.

18.     In late 2007, plaintiff was made aware that his corporate American Express Card account was overdue. Plaintiff wrote a check to American Express and turned it in to Castellane. Upon information and belief, Castellane destroyed the check in order to exacerbate the situation and create a disciplinary issue for plaintiff.

19.     On February 29, 2012, plaintiff was terminated without cause or notice.

20.     Plaintiff was replaced by an individual who was approximately 15 years younger than plaintiff.

21.     The reason given for the termination of plaintiff's employment was plaintiff's alleged "abuse" of his American Express Card. This reason was pretextual. The amount involved was modest, Xerox's typical way of resolving an issue of this type is to deduct the amount owing from the employee's paycheck, plaintiff's use of his

3

American Express Card was no different than that of a significant portion if not the majority of Xerox Managers, and plaintiff was not afforded the process of progressive discipline, which Xerox promotes as its corporate policy.

22.     Under all the circumstances, it is inconceivable that Xerox would terminate a Manager of plaintiff's longevity and exemplary performance for such a minor issue, absent some other motivating factor.

23.     Furthermore, the American Express issue was engineered by Castellane in failing to remit plaintiff's check as payment.

24.     In about September, 2008, plaintiff timely filed charges of age discrimination and retaliation with the United States Equal Employment Opportunity Commission "EEPC").

25.     On about January 24, 2012, the EEOC dismissed plaintiff's charge and issued its "Right to Sue" letter.

26.     Plaintiff has satisfied all jurisdictional prerequisites for bringing this lawsuit.

## *First Claim*

27.     Xerox discriminated against plaintiff in the terms and conditions of employment in violation of the ADEA.

## *Second Claim*

28.     Xerox and Castellane discriminated against plaintiff in the terms and

4

conditions of employment in violation of the NYCHRA.

## *Third Claim*

29.    Xerox violated the ADEA by retaliating against plaintiff for engaging in protected conduct.

## *Fourth Claim*

30.    Xerox and Castellane violated the NYCHRA by retaliating against plaintiff for engaging in protected conduct.

**WHEREFORE**, plaintiff demands judgment for all relief permitted by law, including but not limited to awarding plaintiff a money judgment for his damages, awarding plaintiff punitive damages under the second and fourth claims, awarding plaintiff liquidated damages under the first and third claims, awarding pre-verdict, post-verdict and prejudgment interest and costs, awarding to plaintiff a statutory attorneys' fee and granting such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: New York, New York
       March 7, 2012

                              MICHAEL G. O'NEILL
                              (MO3957)

                              Attorneys for Plaintiff
                              30 Vesey Street, Third Floor

5

New York, New York 10007
(212) 581-099

# Jury Demand

Plaintiff demands trial by jury on all issues.

Dated: New York, New York
        March 7, 2012

                            MICHAEL G. O'NEILL
                            (MO3957)

                            Attorneys for Plaintiff
                            30 Vesey Street, Third Floor
                            New York, New York 10007
                            (212) 581-0990